**SO ORDERED.**

**SIGNED this 13 day of June, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

DAVID J. TANNER and
LINDA S. TANNER,

        Debtors.                                                    Case No. 05-01098-8-JRL
                                                                                            Chapter 7

_____

**ORDER**

This case is before the court on the Chapter 7 trustee's motion for a turnover order and motion to approve compromise of the action to deny the debtors' discharge.

During the administration of the bankruptcy estate, the Chapter 7 trustee reviewed the debtors' insurance policy with Farm Bureau Mutual Insurance Company and discovered that the debtors had failed to disclose certain assets, including jewelry, Rolex watches, and a fur coat. The trustee asserted that, during the § 341 meeting, the debtors had misrepresented that some of the property belonged to their adult children. The majority of the assets were in the possession of the debtors and were sold at public auction through notice and court order. However, the debtors and/or their children tendered a number of assets

to American Jewelry and Pawn, Inc. ("American"). The trustee represented that, but for receiving a new pay off figure from American, the motion seeking American to turn over property had been resolved. American's attorney was not present at the hearing to object to resolution of the matter.

On February 21, 2006, the Chapter 7 trustee filed Hinson v. Tanner (Adversary Proceeding No. 06-00037-8-JRL) seeking denial of the debtors' discharge, pursuant to 11 U.S.C. § 727(a)(2)-(4). The debtors entered settlement negotiations with the trustee prior to filing any responsive pleading. The debtors, without admitting to the allegations set forth in the trustee's complaint, offered exempt funds from their retirement account in the amount of $51,211.70 to the trustee in an effort to resolve this matter and to obtain their discharge. At the hearing, the debtors' attorney stated that the debtors had promptly provided the trustee the insurance policy which led to the discovery of assets. Had they wished to conceal such assets, the debtors' attorney stated that his clients would not have been so willing to provide the subject policy. The debtors would not testify at the hearing because they did not want to waive any defenses that could be raised in a responsive pleading.

The trustee, while believing the debtors' actions merited a denial of discharge, acquiesced to settling this matter as being in the best interest of the estate. The trustee stated that the settlement would maximize the availability of proceeds for distribution to allowed claims.

The Bankruptcy Administrator objected to the trustee's motion to compromise and asserted that the settlement of a discharge complaint by cash payment raised troubling public policy considerations. She noted that, even though the debtors had provided the trustee with the insurance policy revealing undisclosed assets, that did not negate their failure to disclose those assets on their schedules. The Bankruptcy Administrator noted that, in the majority of cases, the debtors provide some form of

2

information which inevitably leads to the discovery of assets whether the debtors intend such discovery or not. The Bankruptcy Administrator also questioned why the debtors would represent that some of the assets belonged to their children when those assets were listed on the debtors' insurance policy. In response, the debtors' attorney stated that the insurance representative had advised the debtors to include all property on the policy, even property belonging to the adult children.

The Bankruptcy Administrator as well as the debtors' attorney noted that In re Traxler, 277 B.R. 699 (Bankr. E.D. Tex. 2002) provided a thorough analysis for reviewing a proposed settlement of a trustee's objection to discharge. In Traxler, the bankruptcy court considered several approaches taken by courts regarding the permissibility of this type of settlement. First, there is the per se approach relying on a strict interpretation of § 727(a) that settlement of a trustee's objection to discharge is never appropriate. Id. at 703 (referring to In re Moore, 50 B.R. 661 (Bankr. E.D. Tenn. 1985)). Second, there is the approach taken in In re Margolin, 135 B.R. 671, 673 (Bankr. Colo. 1992) that approval of a settlement is appropriate where notice and full disclosure is given to all interested parties. Traxler, 277 B.R. at 703. Finally, there is the approach taken by the Traxler court that approval of a settlement is limited to those situations where the terms of the settlement are fair and equitable and in the best interest of the estate. Id.; *see also* In re Bates, 211 B.R. 338 (Bankr. D. Minn. 1997).

This court rejects any per se approach that strictly disallows settlements of a trustee's objection to discharge. In fact, this court has always encouraged settlement discussions between the trustee and debtor. The court has considered the terms of the settlement and finds that they are fair and equitable and in the best interest of the estate. The settlement will allow a substantial dividend to the creditor community that would not be available otherwise, and no creditor has objected to the settlement. The court, having

3

considered the standard under Rule 9019, conditionally approves the settlement. Approval of this settlement is not effective until the trustee files written certification with the court stating that the administration of this case is complete, and the debtors have fully cooperated with the trustee in the continued administration of the case. Upon certification by the trustee, the court will enter a subsequent order deeming the compromise effective.

"END OF DOCUMENT"